IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE SPURELL, | No. 4:25-CV-01510 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BETH LAZUSKY, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 21, 2025

Plaintiff Dwayne Spurell filed the instant *pro se* Section 1983[1] lawsuit, alleging constitutional violations by officials at the State Correctional Institution in Frackville, Pennsylvania (SCI Frackville). Spurell fails to state a claim upon which relief may be granted and permitting leave to amend would be futile, so the Court will dismiss his complaint with prejudice under 28 U.S.C. § 1915A(b)(1).

I.  BACKGROUND

Spurell alleges that he recently suffered the loss of his brother, who passed away on or around May 1, 2025.[2] He asserts that on May 6, 2025, he spoke with "Chaplain Olibo" about having a virtual viewing during his late brother's funeral.[3]

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] Doc. 1 at 4-5; Doc. 1-1.

[3] Doc. 1-1.

Spurell avers that he was denied this virtual funeral viewing by Facility Grievance Coordinator Beth Lazusky.[4] According to Spurell, Lazusky's denial rendered him unable "to pay respect to his decease[d] brother" and caused him "emotional distress."[5]

For the prison's part, in response to Spurell's May 7, 2025 grievance about the incident, prison administrators conceded that the denial was "an administrative error" and offered their "deepest condolences on the loss of [Spurell's] brother."[6] In a later, more detailed response, the Superintendent of SCI Frackville, Kathy Brittain, explained that there had been a court hearing video conference scheduled at the same time as the requested virtual funeral viewing, which was why Spurell's request was initially denied.[7] Superintendent Brittain went on to explain that there was "no malicious intent" by Lazusky, and that prison officials "had learned from this administrative error and will take corrective action going forward."[8]

The bulk of Spurell's complaint deals with the handling of his May 7 grievance.[9] He alleges that prison administrators failed to respond to this grievance in a timely fashion, which he asserts was a conspiracy to violate his First Amendment rights.[10] He also appears to contend that "there was no administrative

---

[4] *Id.*
[5] *Id.*; Doc. 1 at 6.
[6] Doc. 1-2.
[7] Doc. 1-11.
[8] *Id.*
[9] *See* Doc. 1 at 4-5.
[10] *Id.* at 5.

error" and that his virtual viewing was denied in retaliation for filing "this [May 7] grievance."[11]

Spurell lodged the instant Section 1983 complaint in this Court on August 15, 2025.[12] He names five defendants: Facility Grievance Coordinator Beth Lazusky, Deputy Superintendent of Facility Management Peter Damiter, DSCS S. Blum, Superintendent Kathy Brittain, and Assistant Chief Grievance Officer Keri Moore.[13] As to Section 1983 claims, Spurell points to the First Amendment, the Eighth Amendment's prohibition against cruel and unusual punishment, and several civil rights discrimination and conspiracy statutes.[14] Regardless of how Spurell's complaint is construed, he fails to state a claim for relief.

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[15] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[16] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to

---

[11] *Id.* at 4.
[12] *See generally* Doc. 1.
[13] *Id.* at 2-3.
[14] *See* Doc. 1 at 6 (cross-referencing Exhibit I); Doc. 1-10 (Exhibit I).
[15] *See* 28 U.S.C. § 1915A(a).
[16] *Id.* § 1915A(b)(1).

3

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[17]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[18] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[19] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[20]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[21] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[22] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[17] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[18] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[19] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[20] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[21] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[22] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[23] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[24] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]

Because Spurell proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[26] This is particularly true when the *pro se* litigant, like Spurell, is incarcerated.[27]

## III. DISCUSSION

Upon review of Spurell's complaint, it appears that he is attempting to assert the following Section 1983 claims: (1) First Amendment retaliation; (2) Eighth Amendment conditions of confinement; and (3) civil conspiracy.[28] The Court will address his pleading deficiencies in turn.

---

[23] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[24] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[25] *Iqbal*, 556 U.S. at 681.
[26] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[27] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[28] Spurell also cites 42 U.S.C. § 1981, (*see* Doc. 1-10), but does not plead any elements of a Section 1981 race-based discrimination claim. Nor could he, as his claim has nothing to do with race or any of the protected activities referenced in the statute. *See Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010) ("[T]o establish a basis for relief under section 1981 a plaintiff must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981." (internal quotation marks and citation omitted)).

### A.     First Amendment Retaliation

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[29]  To state a First Amendment retaliation claim, a plaintiff must plausibly plead that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[30]

Spurell's retaliation claim is fatally deficient because it is patently illogical. Spurell alleges that the virtual funeral viewing was denied on May 6, 2025, not due to an administrative error, but in retaliation for filing his May 7, 2025 grievance.[31] However, this grievance (the protected First Amendment conduct), was not filed until *after* the alleged retaliatory act had occurred.  Obviously, there can be no "retaliation" that predates the protected First Amendment conduct.  Retaliation—by definition—can only occur after and because of the protected conduct.

---

[29]  *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).
[30]  *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).
[31]  *See* Doc. 1 at 4.

Alternatively, if Spurell is attempting to assert that the retaliatory action was Defendants' failure to timely respond to his grievance, that claim would also be fatally deficient. Failing to respond to a grievance in a timely manner (or at all), like denying a grievance, is not the type of adverse action that would deter a person of ordinary firmness from exercising his First Amendment rights.[32] For these reasons, Spurell's retaliation claim must be dismissed under Section 1915A(b)(1) for failure to state a claim.

### B.  Eighth Amendment Conditions of Confinement

Spurell additionally alleges that Defendants' failure to timely answer his grievance was "cruel and unusual punishment" in violation of the Eighth Amendment.[33] This allegation could liberally be construed as raising a "conditions-of-confinement" Eighth Amendment claim.

---

[32] *See Butler v. Floyd*, No. 1:23-cv-289, 2025 WL 2024534, at *4 (W.D. Pa. July 21, 2025); *Martinez v. Diaz*, No. EDCV21-00281, 2021 WL 8825219, at *8 (C.D. Cal. Sept. 13, 2021) (noting that "the failure to respond to a prisoner's grievance alone generally does not constitute an adverse action taken against the prisoner for filing the grievance"); *cf. Owens v. Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015) (nonprecedential) ("The denial of grievances is not an 'adverse action' for retaliation purposes.") (citing *Burgos v. Canino*, 641 F. Supp. 2d 443, 455 (E.D. Pa. 2009), *aff'd per curiam*, 358 F. App'x 302, 306-07 (3d Cir. 2009)); *Porter v. Allegheny County*, No. 20-cv-1588, 2023 WL 2586037, at *6 (W.D. Pa. Mar. 21, 2023); *Nifas v. Coleman*, No. 10-cv-1486, 2012 WL 707063, at *7 (W.D. Pa. Feb. 9, 2012); *Alexander v. Forr*, No. 3:04-cv-0370, 2006 WL 2796412, at *3 n.4 (M.D. Pa. Sept. 27, 2006).

[33] *See* Doc. 1 at 5 ("All Def[endants] subjected Plaintiff Spurell to 'CRUEL AND UNUSUAL PUNISHMENT' for the failure to answer the Administrative Grievance in a timely fashion in violation of plaintiff's Eight[h] Amendment [rights].").

7

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[34] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, clothing, shelter, medical care, and reasonable safety[.]"[35]

To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner-plaintiff must plausibly allege both objective and subjective elements.[36] Objectively, the inmate must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[37] "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they [were] 'incarcerated under conditions posing a substantial risk of serious harm.'"[38]

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[39] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the

---

[34] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
[35] *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).
[36] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)
[37] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[38] *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2023) (quoting *Farmer*, 511 U.S. at 834).
[39] *Chavarriaga*, 806 F.3d at 226 (citing *Farmer*, 511 U.S. at 834).

inmate to a substantial risk of serious harm."[40] Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[41]

Review of Spurell's Eighth Amendment claim begins and ends with the first element. The allegation that his May 7, 2025 grievance was ignored or not answered in a timely manner does not constitute a sufficiently serious deprivation of life's necessities such that it could rise to the level of cruel and unusual punishment. Even if it is assumed that prison officials intentionally refused to timely respond to his grievance, there is simply no Eighth Amendment dimension to these allegations. Accordingly, any Eighth Amendment claim Spurell is attempting to assert must be dismissed under Section 1915A(b)(1) as well.

### C.    Civil Conspiracy

Spurell also alleges, in cursory fashion, that Defendants "conspired" to violate his rights. He invokes 42 U.S.C. §§ 1985 and 1986,[42] although his claims do not appear to implicate either statute, as his allegations do not involve racial or class-based discrimination.[43] It is possible, however, that Spurell is attempting to assert a Section 1983 conspiracy claim.

---

[40]  *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[41]  *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).
[42]  *See* Doc. 1-10.
[43]  *See Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006) (explaining that Section 1985 conspiracy involves racial or otherwise class-based invidious discrimination).

To state a claim for Section 1983 conspiracy, a plaintiff must plausibly allege: "'(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States,' with the added gloss under § 1983 that 'the conspirators act under the color of state law.'"[44]  Notably, to state a conspiracy claim, a plaintiff must do more than recite talismanic phrases like "conspire" and "act in concert."[45]

If Spurell is attempting to assert a Section 1983 conspiracy claim, that claim is plainly deficient.  He repeatedly alleges, in conclusory fashion, that Defendants "conspired" to violate his First Amendment rights.[46]  Such talismanic phrases do

---

[44] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (alterations in original) (quoting *Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)).

[45] *See id.* at 295 (explaining that, to state a civil conspiracy claim, a plaintiff must demonstrate that defendants "somehow reached an understanding to deny [the plaintiff] his rights" (alteration in original)); *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (citing *Kalmanovitz v. G. Heileman Brewing Co.*, 595 F. Supp. 1385, 1400 (D. Del. 1984), *aff'd* 769 F.2d 152 (3d Cir. 1985) ("It is a longstanding rule in the Third Circuit that a mere general allegation ... [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." (citing *Black & Yates, Inc. v. Mahogany Ass'n*, 129 F.2d 227, 231-32 (3d Cir. 1941)))); *Adams v. Corr. Emergency Response Team*, 857 F. App'x 57, 61 (3d Cir. 2021) (nonprecedential) (explaining that, to state a Section 1985 conspiracy claim, a plaintiff must sufficiently allege "facts and circumstances" that "support the elements of the conspiracy" and show agreement between defendants to deprive a plaintiff of a constitutional right); *Stankowski v. Farley*, 251 F. App'x 743, 748 (3d Cir. 2007) (nonprecedential) (finding that plaintiff's "conclusory allegation" that defendants "conspired" against him fails to state a claim for civil conspiracy).

[46] *See, e.g.*, Doc. 1 at 4, 5.

not suffice to plausibly plead a civil rights conspiracy. Moreover, these are the exact type of conclusory allegations that violate the pleading requirements provided in *Twombly* and *Iqbal*. Such formulaic, purely legal conclusions must be disregarded.[47]

Spurell's conspiracy claim fails for an additional, more fundamental reason. As noted above, he has not plausibly alleged a First or Eighth Amendment violation. Without identifying an underlying constitutional violation, he likewise fails to state a Section 1983 conspiracy claim.[48] Accordingly, Spurell's civil conspiracy claim will likewise be dismissed pursuant to Section 1915A(b)(1).

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[49] Here, leave to amend will be denied as futile.[50]

---

[47] *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).
[48] *See Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020); *Clayworth v. Luzerne County*, 513 F. App'x 134, 138 (3d Cir. 2013) (nonprecedential) ("Thus, because [plaintiff] failed to establish an underlying violation of his constitutional rights, his [civil rights] conspiracy claim also fails.") (citing *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993), *abrogated on other grounds by United Artists Theatre Cir., Inc. v. Township of Warrington*, 316 F.3d 392 (3d Cir. 2003)).
[49] *Grayson*, 293 F.3d at 114.
[50] *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

Spurell's First Amendment retaliation claim is fatally flawed, as the alleged retaliation (the denial of the virtual funeral viewing) occurred *before* he filed the at-issue grievance (the protected conduct). Moreover, even if Spurell's complaint could be construed as asserting that the alleged retaliatory conduct was providing a late response to his grievance or denying his grievance, such conduct does not amount to an adverse action for a retaliation claim. Furthermore, it is plainly obvious that an untimely response to a grievance does not plausibly allege "cruel and unusual punishment" or a sufficiently serious deprivation for an Eighth Amendment claim. Finally, Spurell cannot state a Section 1983 conspiracy claim because he cannot identify an underlying constitutional violation.

Much of Spurell's complaint concerns exhaustion of administrative remedies. He raises certain arguments and includes citation to legal authorities regarding the DOC's responsibility to timely respond to formal grievances.[51] But these arguments, while legally accurate, are irrelevant to whether Spurell has stated a constitutional violation. In other words, even if the DOC's late grievance response (and resultant procedural default) means that Spurell exhausted available administrative remedies, the underlying claims themselves do not constitute a violation of federal law.

---

[51] *See* Doc. 1 at 4-5.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Spurell's Section 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted and amendment would be futile. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge